IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM H. BENSON AND
JOANNE BENSON,

      Appellant,

v.

STATE OF FLORIDA,
DEPARTMENT OF
CORRECTIONS,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3259

_____/

Opinion filed June 9, 2016.

An appeal from the Circuit Court for Leon County.
George S. Reynolds, III, Judge.

Thomas J. Guilday and Catherine B. Chapman of Guilday, Schwartz, Simpson, West, Hatch & Lowe, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Jordan E. Pratt, Deputy Solicitor General, Denise M. Harle, Deputy Solicitor General, Jonathan Glogau, Assistant Attorney General, for Appellee.


OSTERHAUS, J.

      William H. and Joanne Benson appeal a summary judgment order entered in

favor of the Florida Department of Corrections concluding that it did not breach a

lease for office space owned by the Bensons. We agree with the trial court's decision and affirm because the parties' lease agreement conditioned the Department's performance upon annual legislative appropriations. And in this case, the General Appropriations Act of 2011 effectively ended the Department's obligation under the lease by cutting its overall appropriation for office leases and including a restrictive proviso that prevented the Department from paying rent to the Bensons once it vacated the property and no longer needed it. We also agree that neither the proviso, nor the Department's response, violated the Florida Constitution.

I.

In 2007, the Department agreed to lease office space from the Bensons in Palm Bay, Florida, for a term extending through 2015. State law requires that long-term state leases condition an agency's performance on annual legislative funding. § 255.2502, Fla. Stat. In accordance with the law, the Department's lease with the Bensons included a provision making its "performance and obligation to pay under [the] contract . . . contingent upon an annual appropriation by the Legislature. F.S. 255.2502." The parties' landlord-tenant relationship proceeded relatively smoothly until fiscal year 2011-2012, when the Legislature cut the Department's funding for leases by more than $1 million, and included a proviso prohibiting the Department from paying rent for leased property "vacant on or after July 1, 2011, and for which

2

it has been determined by the Secretary of the department that there is no longer a need." See Ch. 2011-69 Laws of Fla. 102.

The Department responded to the cuts by assembling a task force to identify unnecessary leases, which recommended consolidating the Palm Bay Office leased from the Bensons. The Department then undertook to relocate its staff and equipment from the Palm Bay office to an office in Melbourne in early 2012. Once the Department completed the move, it notified the Bensons on March 30, 2012, that "the Secretary of the Department of Corrections has determined the space is no longer needed." The Department's final rent payment paid the lease through April 2012.

After the Department ended the lease, the Bensons filed a lawsuit alleging that the Department had breached, and that the legislative proviso violated the Florida Constitution. The relief requested in the complaint included the rent due under the lease agreement plus interest. The Department moved for summary judgment. And after a hearing, the trial court granted the Department's motion. The Bensons then timely appealed.

## II.

The central issue in this appeal is whether the lease agreement's "Availability of Funds" provision excused the Department's obligation to perform after April 2012. This provision conditioned the Department's obligation to perform and pay

3

the lease upon the Legislature appropriating sufficient funds: "[t]he State of Florida's performance and obligation to pay under this contract is contingent upon an annual appropriation by the Legislature." The Legislature appropriated sufficient funds for the first several years. But in 2011, the GAA cut the Department's funding and included a proviso prohibiting it from paying for leaseholds "vacant on or after July 1, 2011, and for which it has been determined by the Secretary of the department that there is no longer a need." See Ch. 2011-69 Laws of Fla. 102. After July 1, 2011, the Department vacated the leasehold and determined that the space wasn't needed any longer. Only then, after notifying the Bensons, did the Department cease paying rent. Under these circumstances, we conclude that the Department did not breach the lease. Rather, the "Availability of Funds" clause in the parties' lease excused the Department from its obligation to pay and perform under the lease. See Physicians Health Care Plans, Inc. v. Cook, 714 So. 2d 566, 567–68 (Fla. 1st DCA 1998) (recognizing that a state agency may terminate a lease if the Legislature does not fund its lease commitments).

Finally, we find no merit in the Bensons' various other arguments that the proviso and the Department's actions violated the Florida Constitution.

### III.

We AFFIRM the summary judgment order entered below.

LEWIS and JAY, JJ., concur.

4